**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN SOLORIO, | ) Case No. SACV 21-01426-ODW (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| W. SULLIVAN, Warden, | ) |
| Respondent. | ) |

## I.  BACKGROUND

On August 30, 2021, Adrian Solorio ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1). Petitioner challenges his 2009 conviction for first degree murder, various firearm enhancements, and sentence of life without the possibility of parole, in Orange County Superior Court (Case No. 6CF1702). (See

Petition at 2).[1]  The Petition alleges the following grounds for federal habeas relief:  (1) Petitioner was wrongfully convicted and has the right to have a handgun tested pursuant to California Penal Code ("P.C.") § 1405; (2) Petitioner was convicted with material false evidence and has the right to bring a habeas corpus petition pursuant to Senate Bill Section 1137; (3) The prosecution intimidated Petitioner and made him violate his Fifth Amendment right against self-incrimination, and the felony murder rule and the natural and probable consequences doctrine have been amended under Senate Bill 1437 (P.C. § 1170.95); (4) Firearm enhancements should be stricken or dismissed under Senate Bill 620 (P.C. § 12022.53); and (5) Petitioner is entitled to a youth offender parole hearing under Senate Bill 260 (P.C. § 3051(b)(1)). (Petition at 5-6).[2]

On July 19, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenged the same 2009 conviction, firearm

---

[1]     The Court takes judicial notice of the pleadings in Adrian Solorio v. Ron Barnes, Warden, Case No. SACV 12-01175-GAF (RZ), which, on May 6, 2015, was transferred to the calendar of District Judge Manuel Real and the undersigned Magistrate Judge. See SACV 12-01175-R (AS); Dkt. Nos. 52-53.

[2]     Petitioner has filed two habeas petitions which contain the same allegations as the Petition:  On June 9, 2021, Petitioner filed a habeas petition in Adrian Solorio v. W. Sullivan, Warden, Case No. SACV 21-01038-ODW (AS), which was dismissed on June 15, 2021, without prejudice as an unauthorized, successive petition. Id., Dkt. Nos. 1, 4; and on June 3, 2021, Petitioner filed a habeas petition in Adrian Solorio v. W. Sullivan, Warden, Case No. SACV 21-01006-ODW (AS), which was dismissed on June 10, 2021, without prejudice as an unauthorized, successive petition.  Id., Dkt. Nos. 1, 3.

2

enhancements, and sentence ("prior habeas action").  See Adrian
Solorio v. Ron Barnes, Warden, Case No. SACV 12-01175-R (AS); Dkt.
No. 1.  On June 10, 2013, the Court issued an Order and Judgment
dismissing the prior habeas action with prejudice, in accordance
with the findings and recommendations of the assigned Magistrate
Judge.  Id.; Dkt. Nos. 35-36.  On the same date, the Court denied
Petitioner a certificate of appealability.  Id.; Dkt. No. 37.  On
May 20, 2014, the Ninth Circuit Court of Appeals denied
Petitioner's request for a certificate of appealability.  Id.;
Dkt. No. 46.[3]

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), enacted on April 24, 1996, provides in pertinent part
that:

> (a) No circuit or district judge shall be
> required to entertain an application for a writ of
> habeas corpus to inquire into the detention of a
> person pursuant to a judgment of a court of the
> United States if it appears that the legality of such
> detention has been determined by a judge or court of
> the United States on a prior application for a writ
> of habeas corpus, except as provided in §2255.

---

[3]   The Court subsequently denied two Motions for Relief
from Judgment pursuant to Fed.R.Civ.P 60(b)(6).  Id.; Dkt. Nos.
54, 57,

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a

4

1  second or successive application shall be determined
2  by a three-judge panel of the court of appeals.

3  (C)  The  court  of  appeals  may  authorize  the
4  filing of a second or successive application only if
5  it  determines  that  the  application  makes  a  prima
6  facie  showing  that  the  application  satisfies  the
7  requirements of this subsection.

8  (D) The court of appeals shall grant or deny the
9  authorization  to  file  a  second  or  successive
10  application not later than 30 days after the filing
11  of the motion.

12  (E) The grant or denial of an authorization by
13  a court of appeals to file a second or successive
14  application shall not be appealable and shall not be
15  the subject of a Petition for Rehearing or for a Writ
16  of Certiorari.

17  (4) A district court shall dismiss any claim
18  presented in a second or successive application that
19  the  court  of  appeals  has  authorized  to  be  filed
20  unless  the  applicant  shows  that  the  claim  satisfies
21  the requirements of this section.  28 U.S.C. § 2244.

22

23  28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for
24  the consideration of second or successive applications in district
25  court.  The prospective applicant must file in the court of
26  appeals a motion for leave to file a second or successive habeas
27  application in the district court. § 2244(b)(3)(A)."  Felker v.
28  Turpin, 518 U.S. 651, 657(1996).

5

1    The instant Petition and the prior habeas action challenge
2  Petitioner's custody pursuant to the same 2009 judgment entered
3  by the Orange County Superior Court.  Accordingly, the instant
4  Petition, filed on August 30, 2021, well after the effective date
5  of the AEDPA, is a second or successive habeas petition for
6  purposes of 28 U.S.C. § 2244.  Therefore, Petitioner was required
7  to obtain authorization from the Court of Appeals before filing
8  the present Petition.  See 28 U.S.C. §2244(b)(3)(A).  Although
9  Petitioner may have submitted an application for leave to file a
10 second or successive petition to the Ninth Circuit Court of
11 Appeals (see Petition, Attachment), no authorization has been
12 obtained in this case.

14    Moreover, the claims asserted in the instant Petition do not
15 appear to fall within the exceptions to the bar on second or
16 successive petitions because the asserted claims are not based on
17 newly discovered facts or a "a new rule of constitutional law,
18 made retroactive to cases on collateral review by the Supreme
19 Court, that was previously unavailable." Tyler v. Cain, 533 U.S.
20 656, 662 (2001); see also Johnson v. California, 2019 WL 4276636,
21 at n.3 (C.D. Cal. Sept. 10, 2019)("[A] new state right afforded
22 by an amended state statute does not create a new federal
23 constitutional right and certainly is not the equivalent of a
24 federal constitutional right newly recognized by the United States
25 Supreme Court and made retroactively applicable to cases on
26 collateral review."; quoting Trejo v. Sherman, 2016 WL 9075049,
27 at *2 (C.D. Cal. Oct. 24, 2016), report and recommendation
28 accepted, 2016 WL 8738143 (C.D. Cal. Nov. 18, 2016)).  However,

6

this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

///
///
///
///
///
///
///
///
///
///

### III.  ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   September 8, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE